NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| JOHN T. ZABASKY, an individual, | ) | No. 11-57111 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 2:11-cv-03806-GW-RZ |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AMERICAN HOME ASSURANCE CO., a New York corporation; LOS ANGELES COUNTY DISTRICT ATTORNEYS OFFICE, a Public Entity, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted April 10, 2013[**]
Pasadena, California

Before:    FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

John T. Zabasky appeals the district court's dismissal of his claims against American International Group, Inc. and American Home Assurance Co. (hereafter collectively AIG) for malicious prosecution, and his 42 U.S.C. § 1983 claims against the Los Angeles County District Attorney's Office (DAO).  We affirm.

(1)     Zabasky contends that the district court erred when it granted AIG's motion to dismiss pursuant to California's anti-SLAPP law.  See Cal. Civ. Proc. Code § 425.16.  We disagree.  Because in this diversity action we must apply California's anti-SLAPP law,[1] which covers Zabasky's claim for malicious prosecution,[2] he was required to "'demonstrate[] a probability of prevailing on the claim.'"[3]  He did not.  The evidence he presented[4] did not suffice to set out a prima

---

[1]Price v. Stossel, 620 F.3d 992, 999 (9th Cir. 2010).

[2]Jarrow Formulas, Inc. v. LaMarche, 31 Cal. 4th 728, 734–35, 74 P.3d 737, 741, 3 Cal. Rptr. 3d 636, 641 (2003); Johnson v. Ralphs Grocery Co., 204 Cal. App. 4th 1097, 1104–05, 139 Cal. Rptr. 3d 396, 402–03 (2012); Dickens v. Provident Life & Accident Ins. Co., 117 Cal. App. 4th 705, 714, 11 Cal. Rptr. 3d 877, 882–83 (2004).

[3]Jarrow, 31 Cal. 4th at 733, 74 P.3d at 740, 3 Cal. Rptr. 3d at 639.

[4]See HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204, 212, 12 Cal. Rptr. 3d 786, 791–92 (2004).

facie case[5] that AIG supplied false information to the authorities,[6] or that it lacked probable cause when it made a report,[7] or that it acted with malice.[8] In short, AIG's anti-SLAPP motion was properly granted.

(2) Zabasky next contends that the district court erred when it granted judgment on the pleadings[9] to the DAO; we, again, disagree. In prosecuting Zabasky, the DAO was acting as a State of California office and was immune under the Eleventh Amendment to the United States Constitution. See Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000); see also Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005). Thus,

---

[5]See Price, 620 F.3d at 1000.

[6]See Sullivan v. County of Los Angeles,12 Cal. 3d 710, 720, 527 P.2d 865, 871, 117 Cal. Rptr. 241, 247 (1974). AIG gave information to the California Department of Insurance and to the DAO.

[7]See Johnson, 204 Cal. App. 4th at 1105–06, 139 Cal. Rptr. 3d at 404 (probable cause is satisfied if the actions of the defendant were objectively reasonable); Ecker v. Raging Waters Grp., Inc., 87 Cal. App. 4th 1320, 1330, 105 Cal. Rptr. 2d 320, 326 (2001) (same).

[8]See Downey Venture v. LMI Ins. Co., 66 Cal. App. 4th 478, 494, 78 Cal. Rptr. 2d 142, 150–51 (1998). We note, by the way, that AIG was under a state imposed duty to report suspected fraud. See Cal. Ins. Code § 1877.3; Fremont Comp. Ins. Co. v. Superior Court, 44 Cal. App. 4th 867, 874, 52 Cal. Rptr. 2d 211, 216 (1996).

[9]Fed. R. Civ. P. 12(c).

Zabasky's action against the DAO was properly dismissed.[10]

AFFIRMED.

---

[10]Zabasky now claims that he should have been granted leave to amend to spell out a claim for injunctive relief against the DAO. Suffice it to say that he never requested that relief in the district court. We decline to consider the issue for the first time on appeal. See Alaska v. United States, 201 F.3d 1154, 1163–64 (9th Cir. 2000); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).